# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4086 | **DATE** | 8/07/08 |
| **CASE TITLE** | \multicolumn{3}{c}{Antonio Kendrick ®-51546) v. Rod Blagojevich, et al.} |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is denied without prejudice. Plaintiff's complaint is dismissed without prejudice. Plaintiff is given 30 days from the date of this order to: (1) pay the $350 filing fee, and (2) submit an amended complaint that states a valid claim for relief. The clerk shall forward to plaintiff an *in forma pauperis* application, an amended civil rights complaint form, and filing instructions. Plaintiff's motion for the appointment of counsel [4] is denied.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, Antonio Kendrick ®-51546), an inmate at Stateville Correctional Center, has filed a civil rights complaint against Governor Rod Blagojevich, Illinois Department of Corrections Director Roger Walker, Stateville Warden Terry McCann, and former Stateville Assistant Warden Venita Wright. Plaintiff argues that excessive lockdowns and an understaffed prison law library have denied him and other inmates their right of access to the courts.

Plaintiff's *in forma pauperis* application shows that his average monthly balance is $458.00 and that he has an available balance of $439.55. Accordingly, his current application indicates that he can prepay the $350 filing fee and that he does not qualify as a pauper. *See* 28 U.S.C. § 1915(b); *see also Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980) (because plaintiff is a prisoner for whom the state provides the necessities of life, such assets do not qualify him for pauper status). The court thus denies plaintiff's motion to proceed *in forma pauperis*. To proceed with this case, plaintiff must pay the $350 filing fee within 30 days of the date of this order. Failure to do so will result in dismissal of this suit. *See* Local Rule 3.3(e); *Brekke v. Morrow,* 840 F.2d 4, 5 (7th Cir. 1988).

The court also notes that plaintiff's complaint does not state valid civil rights claims. In order to state a claim of denial of access to the courts, a plaintiff must allege, at a minimum, a specific harm, such as the inability to file a specific claim. *Pratt v. Tarr*, 464 F.3d 730, 732-33 (7th Cir. 2006); *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir.2004) (a plaintiff must "allege that he had a non-frivolous legal claim that was frustrated or impeded by [defendant's] failure to assist him"); *see also Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (a plaintiff must allege a specific harm; general allegations of inability to use the library are insufficient to state a claim).

**(CONTINUED)**

isk

**STATEMENT (continued)**

Accordingly, the current complaint is dismissed without prejudice to plaintiff submitting an amended complaint that sufficiently states a valid claim. The clerk shall mail an amended complaint form to plaintiff, which plaintiff should use in accordance with the Local Rule 81.1 (pro se civil rights complaints should be filed on the Court's form). Plaintiff is given 30 days from the date of this order to submit an amended complaint, with a judge's copy and a service copy for each defendant. Plaintiff is advised that an amended complaint supersedes a previously filed complaint and must stand complete on its own. The Court will not refer to separate pleadings to determine the claims and the defendants to a suit. Therefore, plaintiff must include in the amended complaint all the claims he seeks to raise in this suit and name all of the defendants he seeks to sue in this case.

If plaintiff wants to proceed with this action, he must: (1) prepay the $350 filing fee, and (2) submit an amended complaint that states a valid claim. Plaintiff is given 30 days from the date of this order to comply. Failure to comply within 30 days may be construed as plaintiff's desire not to proceed with this case and will result in dismissal of the case without prejudice.