

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION


ANTONIO M.KENDRICK,
                   PLAINTIFF

v.


ROD BLAGOJEVICH,ET.AL
                   RESPONDENT

CIVIL ACTION NO.08 C 4086

JUDGE RONALD A.GUZMAN


**FILED**

J .N

SEP X 2 2008

SEP 8, 2008

MICHAEL W. DOBBINS

CLERK, U.S. DISTRICT COURT


<u>AMENDED COMPLAINT</u>


ANTONIO M.KENDRICK

#R51546

STATEVILLE CORR.CTR.

P.O. BOX 112

JOLIET,IL.60434

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ANTONIO M. KENDRICK
_____

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

ROD BLAGOJEVICH
_____

ROGER WALKER
_____

TERRY MCCANN
_____

VERNITA WRIGHT
_____

(individually and in their

official capacities)
_____

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

Case No: 08 C 4086
_____
(To be supplied by the Clerk of this Court)

Judge Ronald A. Guzman

**CHECK ONE ONLY:**              **AMENDED COMPLAINT**

____x____       **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
                U.S. Code** (state, county, or municipal defendants)

_____       **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
                28 SECTION 1331 U.S. Code** (federal defendants)

_____       **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING."  FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.     Plaintiff(s):**

   A.     Name: ANTONIO M.KENDRICK

   B.     List all aliases: N/A

   C.     Prisoner identification number: #R51546

   D.     Place of present confinement: STATEVILLE CORRECTIONAL CENTER

   E.     Address: P.O. BOX 112,JOLIET,ILLINOIS 60434

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D.
   number, place of confinement, and current address according to the above format on a
   separate sheet of paper.)

**II.    Defendant(s):**
   (In **A** below, place the full name of the first defendant in the first blank, his or her official
   position in the second blank, and his or her place of employment in the third blank.  Space
   for two additional defendants is provided in **B** and **C**.)

   A.     Defendant: ROD BLAGOJEVICH

          Title: GOVERNOR OF THE STATE OF ILLINOIS

          Place of Employment: STATE BLDG.,100 W.Randolph St.Chicago,Il.60601

   B.     Defendant: ROGER WALKER

          Title: DIRECTOR OF THE ILLINOIS DEPARTMENT OF CORRECTIONS

          Place of Employment STATE BLDG.,100 W.Randolph St.Chicago,Il.60601

   C.     Defendant: TERRY MCCANN

          Title: WARDEN OF STATEVILLE CORRECTIONAL CENTER

          Place of Employment: STATEVILLE C.C.,P.O.BOX 112,JOLIET,IL.60434
(ONE ADDITIONAL DEFENDANT LISTED BELOW)
(If you have more than three defendants, then all additional defendants must be listed
according to the above format on a separate sheet of paper.)
D.     Defendant: VERNITA WRIGHT

       Tiltle:MAJOR/ACTING ASSOCIATE WARDEN OF PROGRAMS DURING INJURY

       Place of Employment:Stateville C.C.,P.O.BOX 112,Joliet,Il.60434

2

Revised 9/2007

\*THIS PAGE NOT APPLICABLE. THE PLAINTIFF HAS NEVER FILED A LAWSUIT
AS FAR AS HE CAN REMEMBER.

**III.    List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.    Name of case and docket number: _____

_____

B.    Approximate date of filing lawsuit: _____

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

_____

_____

_____

D.    List all defendants: _____

_____

_____

_____

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F.    Name of judge to whom case was assigned: _____

_____

G.    Basic claim made: _____

_____

_____

H.    Disposition of this case (for example: Was the case dismissed?  Was it appealed? Is it still pending?): _____

_____

_____

I.    Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT.  REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.  CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

**IV.    Statement of Claim:** (DENIAL OF ACCESS TO THE COURTS)

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1)On July 07,2007,the plaintiff received the State's brief in opposition to the brief the plaintiff filed on direct appeal challenging his criminal conviction.The plaintiff was to have the reply brief filed by July 16,2007.(A10)

  Due to the institution being on lockdown,the plaintiff was not able to research the cases cited by the State in it's brief.The Plaintiff replied to the State's brief,but he had to guess what the substance of the cases the State cited,as far as the propositions were concerned,using context clues.This is due to the defendants' failure to assist the plaintiff.The plaintiff had no access to the law library and he had no one to aid him in the preparation of a meaningful reply brief to counter the State's arguments.At that point the institution had one paralegal to service over 3000 prisoners.

  The appellate court used the exact same cases cited by the State to affirm the plaintiff's convictions and sentence of natural life imprisonment,in an order dated April 08,2008.(A16)

The plaintiff possessed a nonfrivolous legal claim that was impeded due to a denial of access to the courts and the defendants failure to assist him.Because of the defendants' actions the plaintiff's conviction was affirmed.

4

Revised 9/2007

Furthermore,the one paralegal,Ms.Crystal Mason,does not aid prisoners in the preparation of legal documents.In order to aid in the preparation of a meaningful legal document,a prisoner must be given advice.Paralegal Mason does not give any inmates legal advice.Even if she wanted to it would be numerically impossible to do so with her being one person and having to service 3000 inmates. Ms.Mason has not been able to get any more paralegal help,because Defendant Blagojevich cut the Illinois Department of Correction's budget which resulted in the hiring freeze of staff at the State-ville institution which includes law library staff.

2)On December 06,2007,the plaintiff had a deadline to file a legal brief,the institution went on lockdown on November 25,2007,but even days before then the institution was on a holiday schedule due to the Thanksgiving Holiday,which means that there was no inmate move-ment.No law library.The institution,subsequently came off of this particular lockdown on December 07,2007.

The plaintiff could not get to the law library to get into his legal boxes in order to get pertinent exhibits for his brief,par-ticularly copies of his indictment and judgment of conviction.In order to meet the December 06,2007 deadline the plaintiff had to send his briefs out without copies of the judgment and indictments.(A25)(26)

Revised 9/2007

On February 19,2008,the appellate court dismissed the plaintiff's appeal,because the plaintiff did not present a copy of the judgment to the court which was evidently mandatory,so the appellate record was insufficient to review the petitioner's claims which were meritorious.Therefore,the plaintiff had to submit his legal brief to the court without a copy of the judgment,which was in his legal box in the law library,thereby making the legal brief sub par and inadequate.Due to the defendants' recklessness,the plaintiff's nonfrivolous legal claims were frustrated and impeded.(A14)(A15)(A21)

The plaintiff filed a grievance on December 07,2007,complaining that his litigation is routinely and consistently sub par due to a denial of access to the courts while on lockdowns,which accounted for 40% of the calendar year 2007.The plaintiff asked that prose litigants be given access to the law library while on lockdown,that the institution hires more law library staff with legal backgrounds, and that he receive a referral to the psychiatrist because the plaintiff was stressed out and mentally unhealthy due to the defendants' actions.The plaintiff could not eat,sleep or drink anything, because of the mental duress and stress of trying to attack a sentence of natural life without adequate access to the courts.(A18)

The counselor investigated the plaintiff's claim and responded as follows!"According to law library staff,while on lockdown,staff is to do cellhouse rounds and prioritizes offenders with deadlines but due to shortage of staff,cannot bring legal boxes with.They stated the State has a hiring freeze on law library staff,so they do the best they can do with the staff they are given,even if only temporarily assigned.This counselor did send a psych referral for Kendrick to Dr.Fink and Dr.Traylor." (A8)

4)On January 11,2008,the institutional grievance officer,Amy Workman responded to the plaintiff's grievance as follows"Upon further review from Grievance Office,finds that after contacting the law library concerning these issues,this office concurs with the counselor's response.Grievant's psychological issues were handled at counselor level.Unable to substantiate staff misconduct. It is an administrative decision to determine who receives move- ment during lockdown.Staffing the facility is beyond the purview of this office." On January 16,2008,Defendant McCann concurred with the the grievance officer's response.(A7)

5)The plaintiff,further appealed to the Director of the Illinois Department of Corrections,Defendant Roger Walker on February 04,2008. On April 01,2008 Defendant Walker concurred as follows"Based on a total review of all available information ,it is the opinion of this office that the issue was appropriately addressed by the insti- tutional administration.It is therefore recommended that the greivance be denied." The plaintiff has therefore exhausted his administrative remedies in full.(A6)

6)As a result of being denied access to the courts,whenever the plaintiff has a legal deadline particularly the deadlines of July 16,2007 and December 06,2007,the plaintiff could not eat,sleep,or drink anything,which resulted in the physical injury of weight loss, starvation,headaches,unconsciousness,and pain.The plaintiff also suffered from mental duress for which the plaintiff is currently under the care of the institutional phychiatrist,Dr.Fink.

7)The plaintiff knows that if he could have received the consti- tutional "meaningful"access to the courts as required his convic- tions would not have been affrmed nor would his appeal have been

dismissed.The plaintiff's ability to attack his criminal convictions
have been impeded by the defendants.Due to the defendants' actions,
the plaintiff's litigation has been consistently sub par and inade-
quate,which has resulted in the plaintiff's convictions and sentence
of natural life imprisonment being affirmed,and his habeas petition
appeal in the State of Tennessee being denied,because the plaintiff
could not gain access to his legal boxes to retrieve copies of the
judgment of conviction which was used to enhance his current Illinois
sentence to natural life imprisonment.(A14)(A16)

 8)On April 10,12,and 17,2008,inmates were allowed to go to the law
library for the first time to get into their legal boxes while on
lockdown.Since then,the defendants' have resumed their practice of
not allowing inmates access to their legal boxes while on lockdown.

 9)On April 24,2008,a temporary assignment,civilian law library
worker made rounds to the cellhouse for the very first time,and has
been doing so consistently since we have been on lockdown.She,Mrs.
T.Winters,is a hard worker,but even she does not aid in the prepa-
ration of meaningful legal documents  as constitutionally required.
10)At the time the plaintiff suffered his injury,the defendants'
conduct in denying him access to the courts was both intentional
and reckless.Furthermore,Defendant Blagojevich should reasonably
expect that cutting the Illinois Department of Corrections budget
would result in institutions being understaffed due to lack of
funding and a hiring freeze. Defendants Walker,McCann and Wright
should reasonably expect that locking down an institution for 40%
of the calendar year would impede the plaintiff's ability to
attack his criminal convictions.

11)As stated previously Stateville was lockdown 40% of the calendar
year 2007.The plaintiff was locked down due to no fault of his own
on the following dates:Feb.04-06,2007;Feb.12-15,2007;April 20-May
17,2007;May 20-May 29,2007;July 01-10,2007;July 11-Sept.24,2007;
and Nov.25-Dec.07,2007.

12)As of 2008 the institution has been on lockdown the following
days:Jan.13-Feb.08,2008;Feb.15-25,2008;March 25-April 18,2008;
April 23-unsure of what date we came off lockdown;June 27-Aug.07,
2008;Aug.12-currently on lockdown.

13)Governor Rod Blagojevich

This defendant is the State's chief administrator and is in charge
of the State's budget and it's allocation of resources.The plaintiff
was told by the counselor and the grievance officer during the
grievance process that the State has a hiring freeze on law library
employees,that they were understaffed,and that hiring staff was out-
side the purview of the institution.

  Defendant Blagojevich cutting I.D.O.C.'s budget is the primary
cause as to why the plaintiff has been denied access to the courts
and suffered injury.This defendant's actions are intentional and
premeditated. This defendant had to have known the constitutional
deficiencies and neglect that his actions would ultimately cause.
If he did not he acted recklessly and with deliberate indifference
when he cut the budget of the Illinois Department of Corrections.

  As a result of the budget cut,which appears to be permanent,the
Stateville law library is unable to meet it's constitutional mandate
of providing the plaintiff with an adequate number of trained legal
persons to aid in the preparation of a meaningful legal document
while on lockdown.Due to Defendant Blagojevich's actions the plaintiff

has suffered physical and emotional injury.

14)Director Roger E.Walker

Defendant Walker is the Director of the Illinois Department of Cor-
rections.He is responsible for the enforcement of all rules and
policies of the department.Defendant Walker is also endowed with
the power to make and eradicate policy.

Defendant Walker must approve all lockdowns so he has personal
knowledge of the prison's day to day operations.He is fully aware
that the law library staff is not sufficient to meet the needs of
the prison population while on lockdown.It has been suggested to
this defendant that he allow inmate law library workers to work
while on lockdown in order to better meet the legal needs of the
prisoners,but the defendant refuses to do so.Yet,this defendant
allows dietary workers,commissary workers,and housing unit workers
to work while on lockdown,as they are deemed a critical needs
assignment.If the State has a hiring freeze on law library staff,
this defendant is fully aware that the only way to offer the plain-
tiff and other prisoners at Stateville an inkling of their right
to "meaningful"access to the courts while on lockdown is to
classify the law library workers as a critical needs assignment,
and allow them to work while on lockdown like the other critical
needs assignment workers.

Defendant Walker is also responsible for all workers in the
institution being rotated every six months with the exception of
the job assignments he deems as skilled workers.The defendant is
fully aware that all of the law library workers must complete an
extensive training program,which takes in excess of six months to
complete,and is no longer being offered.

This defendant is very comfortable with the prospect of inmates
with no legal training or legal experience being assigned to the
law library without assessing their qualifications.Many prisoners
at Stateville are illiterate and require a great deal of assistance
and this defendant does not take these serious issues into con-
sideration,which shows the defendant's recklessness and deliberate
indifference.

This defendant played a major role in the plaintiff's constitu-
tional deprivation,which resulted in both physical and emotional injury.

15)Warden Terry McCann

Defendant Terry McCann is the warden of Stateville Correctional
Center,where the plaintiff is housed and where the plaintiff
suffered his injury.Defendant McCann is responsible for supervising
and directing the day to day operations of the institution. This
defendant is also solely responsible for deciding what inmates get
movement during lockdowns and what inmates do not get movement.

This is the defendant who will allow inmates to go to visitation
while on lockdown,but not the law library,so that prisoners can
attack their criminal convictions.This defendant is also very
aware that the law library staff is virtually non existent,but he
will not allow the law library inmate workers to work during the
lockdowns,but he will allow kitchen,commissary,and cell house help
inmate workers to work while on lockdown.

This defendant has received several letters and grievances
dealing with the law library situation,but he blatantly ignores
the issues.The defendant has the power to allow inmates to have
access to the courts while on lockdown;to allow inmates workers to
bring legal boxes to the housing unit;and to not lock the institu-
tion down for isolated foolish incidents which results in consti-
tutional infringements.

This defendant's actions in failing to assist the plaintiff
has impeded the plaintiff's progress in presenting nonfrivolous
claims to the courts.And if this defendant decides just to think
a little the plaintiff would not have suffered his physical and
emotional injury.This defendant caused the petitioner's convic-
tions and sentences of natural life to be affirmed and his
habeas corpus appeal to be dismissed for failing to allow the
plaintiff to gain access to his legal boxes while on lockdown.

Defendant McCann uses the denial of access to the courts as a
punitive measure.He should know that if he locks the institution
down for 40% of a calendar year the plaintiff's litigation will
be impeded,if he does not know this he should not be in a position
of leadership.This defendant is both careless and reckless,and
commonly acts with deliberate indifference when it comes to inmate
needs.

16)Ex Associate Warden of Programs (Major)Vernita Wright
Defendant Wright was the acting associate warden of programs when
the plaintiff nonfrivolous legal claims were impeded,and when the
petitioner suffered his physical and emotional injury.Major Wright
was responsible for the day to day operation of the law library,
which included the hiring of temporary assignment personnel.

The plaintiff is of the belief that Major Wright hired a Mr.D.
McCoy as a temporary assignment in the law library when the
plaintiff suffered his physical and emotional injury from his
second piece of litigation described in grievance dated 12/07/07
was impeded.

Mr.McCoy was assigned to handle the legal needs of B-House where
the plaintiff was housed.Mr.McCoy was responsible for providing the
plaintiff with meaningful access to the courts while on lockdown.

Defendant Wright assigned Mr.McCoy to the law library to fulfill
this constitutional need knowing he knew nothing about the law.Mr.
McCoy knew so little about the law that the inmate law clerks were
asked to teach him.Hiring Mr.McCoy showed recklessness and deliberate
indifference by the defendant when she did not care whether he
could in fact do the job he was hired to do.

Furthermore,the plaintiff is of the belief that while on lockdown
the civilian staff law library workers told Defendant Wright that
the inmate law library workers were needed,but the request was
completely disregarded.This defendant could have prevented the
plaintiff's injuries.

## LEGAL CLAIMS

17)The plaintiff realleges and incorporates by reference paragraphs
1-16.

18)The plaintiff's denial of access to the courts violated the plain-
tiff's 5th,6th,and 14th amendment rights.U.S.C.A.Amend.5,6,14

## PRAYER FOR RELIEF

19)Wherefore,the plaintiff respectfully prays that this court
enter judgment granting relief:

20)A declaration that the acts and ommissions described herein
violated the plaintiff's rights under the Constitution and laws
of the United States.

21)A preliminary injunction ordering defendants to hire 7(seven)
paralegals from an independent firm,who    will not be not be
employees of the Illinois Department of Corrections;Classify the
inmate law library workers at all I.D.O.C.institutions as a cri-
tical needs job assignment and allow them to work during the lock-
downs;Classify law libray workers as a skilled job assignment at
all I.D.O.C. institutions and pay them comparably to other skilled
workers such as kitchen cooks or industry workers;and make the law
library workers exempt from the six month job rotations;Make it a
requirement that all inmate law library workers must be trained
law clerks before receiving the position;and Make the defendants
create policies by which every Illinois Department of Corrections
institution will be bound,to ensure that no prisoner will be denied
access to the court while on lockdown and be forced to submit
unresearched,sub par,incomplete legal documents to the court.

22)A permenent injunction which includes paragraph 21,in addition
that the State of Illinois allocates $2 million annually to the law
library at each maximum security facility;2)That the aforementioned
funds be given directly to the independent paralegal firm to
insure the contracted firms independence;3)That the firm will be
responsible for the inmate law clerk salaries,for the purchase of
periodicals,legal reference books,and other supplies;and 4)that the
Court supervises the defendants for three years to insure the
compliance of the court's order.


23)Past pain and suffering damages of $200,000 against each defen-
dant.
24)Future pain and suffering damages of $200,000 against each defen-
dant.
25)Mental and emotional damages of $200,000 against each defendant.
26)Punitive damages in the amount of $3,000,000 against Defendant
Blagojevich,and $2,000,000 against Defendants Walker,McCann,and
Wright individually.

**V.    Relief:(Continued from previous page)**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

27)Plaintiff's costs in this suit

_____
_____
_____
_____
_____

**VI.**    The plaintiff demands that the case be tried by a jury.    ☒ YES    ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this  _14 th_  day of  _August_ , 20 _08_

_____

(Signature of plaintiff or plaintiffs)

ANTONIO KENDRICK

(Print name)

#R51546

(I.D. Number)

_____

STATEVILLE CORRECTIONAL CENTER

P.O. BOX 112,JOLIET,IL.60434

(Address)

Revised 9/2007

APPENDIX

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ILLINOIS

ANTONIO KENDRICK

        PLAINTIFF                    CIVIL ACTION NO.

V.

ROD BLAGOJEVICH, ROGER WALKER,

TERRY MCCANN,VERNITA WRIGHT

        DEFENDANTS

## DECLARATION OF THE PLAINTIFF

    I, the plaintiff,Antonio Kendrick, is an inmate at the State-
ville Correctional Center, and am housed in B-Unit also called
Bravo Unit.

    When Stateville goes on lockdown the inmates are told nothing
by the administration, and that includes when we are going to come
off of lockdown. Therefore,I, as an inmate never know whether we
come off of lockdown or not.

    The plaintiff, along with other Stateville inmates, was locked
down for 40% of the calendar year 2007. The plaintiff was locked
down due to no fault of his own on the following dates:Feb.4-6,2007;
Feb.12-15,2007; April 20-May 17,2007; May 20-29,2007; July 01-10,
2007; July 11-Sept.24,2007;and Nov.25-Dec.07,2007.

    During 2008, the institution has been locked down the following
dates: Jan.13-Feb.08,2008; Feb.15-25,2008; March 25-April 18,2008;
and April 24,2008. As to date,April 25,2008, this is 50% of the
calendar year 2008 thus far. During the March 25-April 18,2008
lockdown, on April 10,12,and 17,2008, the institution allowed
3-4 inmates access to the law library while on lockdown for the
first time in almost a decade. Yet, these same inmates who were
granted access to the library while on lockdown were denied access
to legal books and the assistance in preparing a meaningful legal
documents as constitutionally required.

    On April 24,2008, while on lockdown, a civlian law library
worker came to the plaintiff's housing unit for the very first time
to inquire as to the legal needs of the inmates. This is a start

on behalf of the defendants, and a concession that their past practices were a blatant violation of the plaintiff's and prisoner's constitutional right of access to the courts. Yet, the defendant's new found awareness still does not cut the constitutional muster, when if inmates who attend the law library during lockdowns have no access to the legal books and no one to aid them in the interpretation of applicable case law, and if the civilian worker comes around during lockdowns but give no legal advice, does no legal research, and does not aid in the preparation of meaningful legal documents as constitutionally required.

The plaintiff is of the belief that these new changes may very well have something to do with the new associate warden of programs, Warden Hosey, more than likely at the urging of Defendant Roger Walker. Still, this does not negate the fact that this plaintiff has been forced to submit, unresearched, sub par legal documents to the courts while attacking his criminal convictions. The damage has been done. The plaintiff can prove that his litigation was prejudiced, and that the denial of access to the courts by the defendants is common place and intentional.

As stated previously, Stateville's law library has one paralegal, and one temporary assignment employee,Ms.T.Winters, who the plaintiff must admit is very competent and a very hard worker. This is a real change because the last temporary assignment personnel was highly incompetent and lazy. Legal research is a very time consuming task, therefore, it is numerically impossible for one paralegal Ms.Mason, and one temporary assignment personnel,Ms.Winters to provide 3000 prisoners with meaningful access to the courts as constitutionally required.

During the aforementioned lockdowns, the plaintiff has had to file several legal briefs and other legal documents without the aid of legal references or anyone to aid in the preparation of the legal documents. This plaintiff acts as his own attorney so the defendants' conduct is especially egregious in the instant cause.

Whenever Stateville goes on lockdown, access to the courts ceases to exist. The defendants have recklessly disregarded the plaintiff's right of access to the courts for so long, and they will continue to do so if they are not made to see the error of their constitutional infringement.

-2-

2

The defendants' recklessness was exhibited between Feb.15-Feb.22,2008. Due to a maintenance problem in the dining hall the entire institution went on lockdown. Yet,visitation resumed, laundry, commissary,etc. The dining hall maintenance problem had absolutely nothing to do with the law library. The defendants could and should have allowed the plaintiff and others access to the law library, especially when they are very aware that they do not have the staff to provide inmates with adequate constitutional access to the courts.

On Feb.22,2008,while on a modified lockdown the defendants allowed the inmates to have outside recreation. This shows that the defendants believe that recreation is more important than inmates fighting for their freedom.

Whenever the plaintiff has a deadline to meet and the institution is on lockdown, I cannot eat, sleep, or drink due to the stress of knowing that I will have to submit very important legal documents to the courts without being able to research the issues being presented properly. This significantly reduces my chances of regaining my liberty.

The plaintiff has a sentence of natural life, and I am acting as my own attorney. My litigation has been repeatedly prejudiced. As a result the plaintiff is emotionally damaged knowing that if I had access to the courts while on these various lockdowns my legal documents submitted to the courts would have been so much better.

The plaintiff is currently in therapy with Stateville psychologist,Dr.Fink, who is helping the plaintiff cope with his emotional distress. The plaintiff is not able to see Dr.Fink as much as he needs to due to Dr.Fink's case load and due to lockdowns. During lockdowns, the plaintiff cannot go to his much needed therapy seesions, but inmates can go to visitation; dietary workers go to work; commissary workers go to work;and cell house workers go to work, but the plaintiff cannot go to his therapy sessions.

This modus operandi embodies the sentiments of the defendants. They simply do not care about the emotional wellbeing of the inmates nor our quest for freedom. The plaintiff feels that he will suffer emotionally for the rest of his life, induced by a

-3-

3

deprivation of his constitutional right. A guaranteed constitu-
tional right.

The plaintiff knows that the institution is short staffed due
to a tight budget, but a short staff cannot be the reason why the
defendants have long and consistently violated the plaintiff's
and other prisoners' constitutional rights with reckless abandon.
A denial of access to the courts is being used by the defendants
as an extrajudicial punishment.

Further, the plaintiff's right to equal protection is being
violated in that the defendants are discriminating against him as
an inmate law clerk. I help inmates with their quest for freedom
and I must undergo more training than any other job in the institu-
tion, but the defendant's will not recognize law library workers
as a skilled job assignment.

No law library worker makes over $28 per month, but many cell-
house help make $45 per month, and dish washers make $90 per month.
Yet, cell house helpers and dish washers require no special educa-
tion. Law library workers are obviously being discriminated
against. The library supervisor says that the associate warden of
programs is the only person that can upgrade the law library
workers' pay. Law library workers have a right to be recognized
as a skilled job assignment and paid comparably to other skilled
job assignments.

In addition almost every job assignment works during lock downs,
because they are designated as a critical needs job assignment, but
law library workers are not considered a job assignment essential
to the institution. This is an ignorant assumption, because the
defendants know that they are short staffed, but they tend to have
difficulty in doing whatever makes the most sense. It seems as
though litigation is the only way to make the defendants listen.
The plaintiff has tried to talk to the defendants through the
institutional grievance process to no avail. The law library
workers should be designated as a critical needs job assignment,
so that we can work during the lockdowns, because the civilian
library workers are not capable of giving the Stateville prison
population the help we need in fighting our criminal convictions.

Furthermore, due to the plaintiff not being able to eat, sleep, or drink prior to a deadline, the plaintiff suffered in weight loss, starvation, unconsciousness, hypoglycemia, pain, and mental anguish, because I knew that I would have to submit unresearched, sub par legal documents to the courts and this would by itself decrease significantly my chances of obtaining my freedom.

I was told that if the governor did not have a hiring freeze on the staff at Stateville more qualified persons would be hired to work in the law library. I believe that Defendant Blagojevich's actions in cutting the budget is the primary cause of my constitutional deprivations.

Also as to the equal protection claim of mine, I have good reason to believe that the law library clerks at Menard Correctional are classified as skilled workers, so they are paid as skilled workers and they are not subject to the six month job rotations.

As a library clerk, I am not rotated out of the law library after six months, but my job assigment changes. This means that at least one person, the job coordinator, knows that a library clerk cannot be replaced by someone who can barely read and who does not have an understanding of the law.

I have talked to several people regarding the problems I now address, but no one seems to care enough to do anything. The new warden of programs(M.Hosey) shows much promise, but the school principal(Ms.Sessler)is so petty and uninformed that she is busy trying to count pieces of typing paper instead of addressing the real concerns of the law library which is under her watch.

I, Antonio Kendrick, swears under the penalty of perjury pursuant to 28 USC 1746 and 18 USC 1621, that the information contained therein is true and correct to the best of my knowledge.

SWORN AND SUBSCRIBED BEFORE ME
THIS 3ʳᵈ DAY OF July 2008

OFFICIAL SEAL
SHERWIN K. MILES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-20-2012

NOTARY PUBLIC

-5-

5



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

April 1, 2008

Antonio Kendrick
Register No.  R51546
Stateville Correctional Center

Dear Mr. Kendrick:

This is in response to your grievance received on February 4, 2008, regarding legal (legal research), which was alleged to have occurred at Stateville Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance Officer's report (0083) and subsequent recommendation dated January 11, 2008 and approval by the Chief Administrative Officer on January 16, 2008 have been reviewed.

Offenders with legal deadlines receive priority.

Based on a total review of all available Information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:    Warden McCann, Stateville Correctional Center
Antonio Kendrick, Register No. R51546

6

RESPONSE TO COMMITTED PERSON'S GRIEVANCE

[ Grievance Officer's Report ]

Date Received: January 11, 2008          Date of Review: January 11, 2008          Grievance #: janua 0082

Committed Person: Kendrick Kendricks                                   IDoc: K51340

Nature of Grievance: Other-Law Library Issues

Facts Reviewed: Grievant alleges that he was unable to file his brief due to being unable to do any legal research for his brief. Grievant states that the institution is flagrant disregarding his rights. Grievant states his litigation is routinely and consistently sub per due to denial of access to courts while on lockdown. Grievant states he feels the institution is systematically and deliberately denying him access to the courts due to lockdown; which has been 40% of the calendar year of 2007.

Counselor Response: According to Law Library staff, while locked down, staff is to do cellhouse rounds and prioritize offenders with deadlines but due to shortage of staff, cannot bring legal boxes with. They stated the state has a hiring freeze on law library staff, so do the best they can with the staff they are given, even if only temporarily assigned. This counselor did send a psych referral for Kendrick to Dr. Fink and Dr. Trigher.

Upon further review from Grievance Officer, finds that after contacting the law library concerning these issues, this office concurs with the counselor response. Grievant's psychological issues were handled at counselor level. Unable to substantiate staff misconduct. It is an administrative decision to determine who receives movement during lock down. Staffing the facility is beyond the purview of this office.

Recommendation: Grievance is resolved.

Ami Workman
Print Grievance Officer's Name          Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

[ Chief Administrative Officer's Response ]

Date Received: 1-16-08     ☒ I concur   ☐ I do not concur   ☐ Remand

Comments:

W. McCann                    1-16-08
Chief Administrative Officer's Signature          Date

[ Committed Person's Appeal To The Director ]

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Committed Person's Signature          IDoc          Date

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: December 07, 2007 | Committed Person: (Please Print) Antonio Kendrick | ID#: R51546 |
|---|---|---|
| Present Facility: Stateville Corr. Ctr. | Facility where grievance issue occurred: Stateville Corr. Ctr. | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] Other (specify) _____

- [ ] Disciplinary Report: ___/___/___
    Date of Report        Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I received a court order stating that I was to have a legal brief filed in a criminal proceeding on December 06, 2007, but due to being on lockdown I was unable to do any kind of legal research for my brief. Stateville does not have any safe guards in play for prose litigants. This institution went on holiday schedule on Nov. 22, 2007 and on lockdown Nov. 25, 2007 for an incident that had nothing to do with the grievant. The grievant and the rest of the institution came off lockdown on December 07, 2007.

The grievant's litigation was also prejudiced in July '07. Where the grievant received the Illinois State Prosecutors' Brief on July 07, 2007, and the grievant was to have his reply brief filed on July 16, 2007. It was impossible to research

**Relief Requested:** 1) hire more library staff who have backgrounds in legal research 2) allow "prose" litigants access to the courts while on lockdown to research or create satellite law libraries and 3) I need to see a psychologist or psychiatrist because I'm stressed and really do need help.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Antonio Kendrick     #R51546     12, 12, 07
Committed Person's Signature    ID#      Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

| Date Received: 12, 12, 07 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

**Response:** Regarding 1) law library staff while locked down staff is to do cellhouse rounds and prioritizes offenders with deadlines but due to staffage 2) staff cannot bring legal boxes when they state 3) the state has a limit placed on law library staff so do the best they can with the staff they have given, even if only temporarily assigned. This counselor did submit psych referral for Kendrick to Dr. Funk / Dr. Trayler. 1, 4, 08

K Rubideoux    [signature]    1/1/2
Print Counselor's Name     Counselor's Signature     Date of Response

---

### EMERGENCY REVIEW

| Date Received: ___/___/___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner. |
|---|---|---|

Chief Administrative Officer's Signature       ___/___/___ Date

Distribution: Master File; Committed Person       Page 1       DOC 0046 (Eff. 10/2001)

and reply to the State's brief properly because we were on lockdown between July 21, 2007 and July 10, 2007. The institution went on lockdown again the next day July 11, 2007 to September 24, 2007. The grievant understands that the institution must do it's job but the institution is flagrantly disregarding my rights. My litigation is routinely and consistently sub par because I am being denied access to the courts while on lockdown.

Stateville's law library staff does not do legal research for inmates, nor do they assist inmates in the preparation of meaningful legal documents or otherwise. This could be because 2 people can't service the legal needs of 2000 inmates. Mr. McCoy the law library worker assigned to B-House (where grievant resides) is not trained in the law therefore this individual coming to my cell while on lockdown is an affront and assault on my constitutional right of access to the court. That would do nothing but close me out even further. Note that law clerks (inmates) are not allowed to work during lockdowns.

I feel that this institution is systematically and deliberately denying me access to the courts, while on lockdown which has been 40% of the calendar year 2007. I am a prose litigant representing myself on direct appeal under a sentence of natural life. Inmates don't represent themselves on direct appeal because the task is too daunting. So to force me to submit unresearched legal documents to the courts and causing me to miss deadlines is not fair because it prejudices my litigation and threatens my chance at freedom.

Even when this institution is not on lockdown and we report to the library staff that we have a deadline the time is still inadequate. 90 minutes twice a week equals 12 hours per month. This is barely enough time to research a misdemeanor. Yet we are forced to use fully the allocated time given to us for law library.

Stateville must make special provisions for prose litigants in general but especially while on lockdown. Everyday I am literally scared that we'll go on lockdown again and that my access to the courts will be cut off. It is not healthy for me to not be able to eat drink or sleep when I have a deadline approaching and we are on lockdown knowing I haven't the means to attack my criminal convictions, and having a natural life sentence does not help my mental state under these conditions.



STATE OF ILLINOIS APPELLATE COURT SECOND DISTRICT

OFFICE OF THE CLERK
847/695-3750
847/695-0092 TDD

APPELLATE COURT BUILDING
55 SYMPHONY WAY
ELGIN, ILLINOIS 60120-5556

Appeal from the Circuit Court of County of DuPage

Trial Court No.: 03CF2808

THE COURT HAS THIS DAY, 05/23/07, ENTERED THE FOLLOWING ORDER IN
THE CASE OF:

Gen. No.: 2-06-0473

People v. Kendrick, Antonio M.

Motion by plaintiff-appellee, The People of the
State of Illinois, to request an extension of time
within which to file their brief, and objections
thereto by appellant. Motion allowed: Final
Extension. The appellee's brief is due to be
filed by July 2, 2007. The appellant's reply
brief is due by July 16, 2007.

Robert J. Mangan
Clerk

CC: Antonio M. Kendrick
Honorable Joseph E. Birkett
Lawrence M. Bauer, Interim Deputy Director
Stephen E. Norris, Deputy Director

10



**Illinois**
Department of
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

December 17, 2007

Antonio Kendrick
Register No.  R51546
Stateville Correctional Center

Dear Mr. Kendrick:

This is in response to your grievance received on December 14, 2007, regarding Programs/Jobs (requests low library worker raise in pay), which was alleged to have occurred at Stateville Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance Officer's report (1514) and subsequent recommendation dated November 30, 2007 and approval by the Chief Administrative Officer on December 5, 2007 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:    Warden McCann, Stateville Correctional Center
       Antonio Kendrick, Register No. R51546

| Grievance Officer's Report |
|---|

Date Received: November 30, 2007 _____ Date of Review: November 30, 2007 _____    Grievance # (optional): 1514

Committed Person: Antonio Kendrick _____    ID#: R51546

Nature of Grievance:  Other-Equal Protection Discrimination

**Facts Reviewed:**  Grievant alleges that he is asking that law library workers be designated as a critical assignment and be paid comparible to other skilled workers. Grievant states that giving the law library assignment a critical needs assignment allows them to work even though the facility is on lockdown. Grievant states that as it stands now, grievant is denied access to the courts.

**Counselor Response:** According to Assignment Office, all jobs shall be rotated at STA except Industries, registered barbers and dietary workers and that is per Springfield, not the facility. According to AD 05.03.103A, library Research Clerks' pay range is $20.00-$45.00 per month. If law clerks' supervisor chooses to, she can submit them for a pay raise after they have been in the assignment 60 days or more to AWP for their approval. Time to own law library must go through supervisor.

Upon further reivew from Grievance Office, finds that this office concurs with the counselor response and adds that changing the status (critical needs assignment) or the pay rate (comparible to other skilled workers) of an assignment is beyond the purview of this facilty. The allowance of offenders out of their cell to work is an administrative decision. For grievant's own needs for the law library access must apply the same rules as those not working in the law library, grievant should write his request and send it in to the law library staff for review and handling. For any deadlines, grievant should notify and show proof of the need for law library assistance.

**Recommendation:**  Grievance is denied.

Ami Workman _____    X _Ami Workman_____
        Print Grievance Officer's Name                                    Grievance Officer's Signature
        (Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: _12 - 5 - 07_    ☒ I concur    ☐ I do not concur    ☐ Remand
Comments:

_____    _12-5-07_
        Chief Administrative Officer's Signature                                    Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P. O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____    _____    _____
        Committed Person's Signature                                    ID#                                    Date

When necessary, lockdowns shall be imposed at this facility. The departmentally mandated five stages of lockdown status are outlined below. A "Level I" lockdown is the most restrictive upon facility operations and the provision of inmate services. The goal shall be for the facility to progressively move through the higher status levels in order to restore normal operations.

## Adult Lockdown Status Levels

| | Level I | Level II | Level III | Level IV | Level V |
|---|---|---|---|---|---|
| Movement | None except emergency medical and shower — Mechanical restraints, behind back* | Some — May be escorted; condemned unit, seg, TC, and Extremely high escapes must be escorted — Mechanical restraints, behind back* | Some — May be escorted; condemned unit, seg, TC, and Extremely high escapes must be escorted — Mechanical restraints, behind back* | Some — May be escorted; condemned unit, seg, TC, and Extremely high escapes must be escorted — Mechanical restraints, behind back* | Some — May be escorted; credential unit, seg, TC, and Extremely high escapes must be escorted — Mechanical restraints, behind back* |
| Visits | None the 1st 48 hrs., except emergency legal visits; routine visits after the initial 48 hrs. | None the 1st 48 hrs. of lockdown, except emergency legal visits; routine visits after the initial 48 hrs. | Restored: General population - 2 hours; Non-contact visits - 1 hour | Restored: General population - 2 hours; Non-contact visits - 1 hour | Restored: General population - 2 hours; Non-contact visits - 1 hour |
| Phone | Legal and emergency | Legal and emergency | Consistent w/grade; one 30 inmate call per month. | Consistent w/grade; use 30 minute call per month. | Consistent w/grade; one 30 minute call per month. |
| Health Care | Daily in cell | Out of cell with mandatory call pass | Out of cell with mandatory call pass | Out of cell with mandatory call pass | Out of cell with mandatory call pass |
| Crisis Care | As needed per ADO4.04.102 | As needed per ADO4.04.102 | As needed per ADO4.04.102 | As needed per ADO4.04.102 | As needed per ADO4.04.102 |
| Segregation | Limited same as general population | Limited same as general population | Limited same as general population | Limited same as general population | Limited same as general population |
| Commissary | None | None | If has privileges, bag shop bi-weekly | If has privileges, bag shop bi-weekly | If has privileges, bag shop bi-weekly |
| Mail | Yes, as soon as practical | Yes | Yes | Yes | Yes |
| Searches | As needed, strip search prior to or after movement. | Generalized, strip search prior to or after movement. | Search prior to or after movement. | Search prior to or after movement. | Search prior to or after movement. |
| Law Library | At cell or satellite law library | At cell or satellite law library | At cell or satellite law library | At cell or satellite law library | At cell or satellite law library |
| Showers | At least every 7 days | At least every 7 days | At least every 7 days | At least every 7 days | At least every 7 days |
| Hygiene Items | Distribute weekly as needed | Distribute weekly as needed | Distribute weekly as needed | Distribute weekly as needed | Distribute weekly as needed |
| Laundry | Weekly | Weekly | Weekly | Weekly | Weekly |
| Clean Bedding | Monthly | Monthly | Monthly | Monthly | Monthly |
| Basic Services | Daily | Daily | Daily | Daily | Daily |
| Purge | Weekly | Weekly | Weekly | Weekly | Weekly |
| Offender Assignments | **None | **None | **None | Only critical assignments filled as approved by Lockdown Coordinator. | Additional assignments identified, to restart operations |
| Recreation | None | None | None | None | Limited out of cell as approved by Lockdown Coordinator. |

Court of Criminal Appeals - Western Division
Supreme Court Building
#6 Highway 45 By Pass
P. O. Box 909
Jackson, TN 38302-0909
(731)423-5840

A.     io Kendrick #R51546
Stat ville Correctional Center
P.O. Box 112
Joliet, IL  60434

**Date Printed:** 02/19/2008
**Notice Date:** 02/19/2008
**Case Style:** Antonio Kendrick vs. State of Tennessee
**Case Number:** W2007-00912-CCA-R3-HC
**Action:** Date Filed: 02/19/2008  COURT OPINION: Majority Opinion Filed in the Court of
Criminal Appeals ::
**Trial Court:** Shelby County Criminal Court          **Trial Court Number:** 92-12034

The Appellate Court Clerk's Office has entered the above action in the Justice Information Tracking System.

MEMORANDUM OPINION AFFIRMING PURSUANT TO RULE 20 the judgment of the trial court, by Glenn,
J., (Hayes, J.) and (McLin, J.)

MLM

C:  Sophia S. Lee
Judge James C. Beasley, Jr.
District Attorney General 30th Judicial District

Court of Criminal Appeals - Western Division

Supreme Court Building
#6 Highway 45 By Pass
P. O. Box 909
Jackson, TN 38302-0909
(731)423-5840


Antonio Kendrick #R51546
Stateville Correctional Center
P.O. Box 112
Joliet, IL  60434


|  |  |
|---|---|
| **Date Printed:** | 02/19/2008 |
| **Notice Date:** | 02/19/2008 |
| **Case Style:** | Antonio Kendrick vs. State of Tennessee |
| **Case Number:** | W2007-00912-CCA-R3-HC |
| **Action:** | Date Filed: <u>02/19/2008</u>  JUDGMENT:  Filed in the Court of Criminal Appeals :: |
| **Trial Court:** | Shelby County Criminal Court      **Trial Court Number:**      92-12034 |


Please see the above action taken by the Court.  If an application for permission to appeal in the Tennessee
Supreme Court is made pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure, you must file an
original and six copies of the application with the Appellate Court Clerk.  ** You must attach a copy of the
Opinion of the Court of Criminal Appeals to each application.  The application must be filed within <u>60 days</u> after
the Court of Criminal Appeal's judgment was filed.  <u>NO EXTENSIONS WILL BE GRANTED.</u>


COMMENT:
Costs adjudged to the State of Tennessee.


MLM

     C:  Sophia S. Lee

This Order Is Not Precedential
And Is Not To Be Cited

No. 2--06--0473

FILED

APR 0 8 2008

ROBERT J. MANGAN, CLERK
APPELLATE COURT 2nd DISTRICT

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--CF--2808 |
| ANTONIO M. KENDRICK, | ) ) | Honorable Robert J. Anderson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

**RULE 23 ORDER**

Following a jury trial, the defendant, Antonio Kendrick, was found guilty of five counts of aggravated criminal sexual assault (720 ILCS 5/12--14(a)(2) (West 2002)), four counts of criminal sexual assault (720 ILCS 5/12--13(a)(1) (West 2002)), and three counts of aggravated criminal sexual abuse (720 ILCS 5/12--16(c)(1)(ii) (West 2002)). The State sought an enhanced sentence on the criminal sexual assault charges based on the defendant's previous rape conviction in Tennessee, and the defendant was sentenced to natural life plus seven years in prison. The defendant appeals pro se, raising a variety of arguments. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Pretrial Proceedings

The defendant was arrested on October 3, 2003, and charged by complaint with one count of criminal sexual assault and one count of aggravated criminal sexual abuse relating to sexual contact

16



## STATE OF ILLINOIS APPELLATE COURT SECOND DISTRICT

OFFICE OF THE CLERK
847/695-3750
847/695-0092 TDD

APPELLATE COURT BUILDING
55 SYMPHONY WAY
ELGIN, ILLINOIS 60120-5558

Appeal from the Circuit Court of County of DuPage

Trial Court No.: 03CF2808

THE COURT HAS THIS DAY, 04/29/08, ENTERED THE FOLLOWING ORDER IN THE CASE OF:

Gen. No.: 2-06-0473

People v. Kendrick, Antonio M.

> Upon consideration of the Petition for Rehearing filed by appellant, the Petition for Rehearing is hereby denied.
> (Gilleran Johnson, McLaren, Zenoff, JJ.)

Robert J. Mangan
Clerk

cc: Antonio M. Kendrick
Honorable Joseph E. Birkett
Lawrence M. Bauer, Deputy Director
Stephen E. Norris, Deputy Director
Rebecca E. McCormick

**17**

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

ANTONIO KENDRICK,                    )
                                     )
          Appellant,                 )
                                     )     SHELBY COUNTY
v.                                   )     NO. W2007-00912-CCA-R3-HC
                                     )
STATE OF TENNESSEE,                  )
                                     )
          Appellee.                  )

## MOTION TO DISMISS APPEAL

Comes now the State of Tennessee and moves this court to dismiss the instant appeal. The basis for this motion is that the record is incomplete and fails to "convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. . . ." Tenn. R. App. P. 24(a). Specifically, the record does not contain a copy of the petitioner's judgment of conviction that is the basis of his petition for writ of habeas corpus.

## FACTS AND PROCEDURAL HISTORY

The facts of this case were provided by this Court on the petitioner's direct appeal as follows:

> [R. S.],[1] the victim, and the [petitioner] were members of the LeMoyne-Owen College track team. The team participated in a track meet in Birmingham, Alabama, the weekend the incident occurred. The bus transporting the team arrived on the LeMoyne-Owen campus during the early morning hours of

---

[1] The state will refer to the victim as "the victim" or by her initials.

September 20, 1992. The bus stopped at the women's dormitory. The second stop was at the men's dormitory. The [petitioner] exited the bus at this stop. The third and final stop was at the gymnasium. The victim, who did not live on campus, exited at the gymnasium.

The victim went inside the athletic office to call a relative to come get her. There were several track team members waiting to use the telephone. The [petitioner] entered the office while the victim was waiting to use the telephone. The [petitioner] told the victim he would take her home. She accepted the offer. They then walked to the [petitioner]'s dormitory room so he could call a friend to obtain a vehicle to take the victim home. He told the victim his friend agreed to let him use the friend's motor vehicle to take her home, and the friend would come to the dormitory in a few minutes.

While the victim was waiting to go home, the [petitioner] approached the victim and began kissing her on the neck. She pushed the [petitioner] away and told him to quit. The [petitioner] persisted and the victim continually resisted the [petitioner]'s advances. Finally, the [petitioner] pushed the victim and she fell on the bed. The [petitioner] held the victim with one hand while he removed her clothing with his other hand. He told the victim he simply wanted to "play" with her. He rubbed her vaginal area and digitally penetrated her. He subsequently vaginally penetrated the victim with his sexual organ. The victim continued to resist the [petitioner]'s actions.

The victim told the [petitioner] she wanted to leave. She attempted to call her cousin. Before the victim could say a word, the [petitioner] took the telephone receiver from her and placed it on the telephone. The [petitioner] refused to allow the victim to leave the room. He vaginally penetrated the victim a second time while she resisted the [petitioner]'s conduct. Eventually, the [petitioner] opened the door and let the victim leave the dormitory.

The [petitioner] presented three witnesses in support of his defense. This testimony was rebutted by the state. One defense witness, Kevin Cochran, testified a second defense witness, Kevin Harris, was not at the dormitory as Harris testified. It is obvious the jury did

2

19

not believe the defense witnesses.

*State v. Antonio Kendrick,* No. 02-C-01-9604-CR00121, 1997 WL 686266, at *1-2 (Tenn. Crim. App. Nov. 5, 1997)(*perm. app. denied* July 13, 1998).   (Copy attached.)[2] Consequently, in 1995, the petitioner was convicted of rape ("1995 rape") and sentenced as a standard offender to ten (10) years confinement. (I, 1, 66); On direct appeal, this Court affirmed the petitioner's conviction and sentence. *Id.*

On August 10, 1998, the petitioner file a *pro se* petition for post-conviction relief arguing that he was denied his constitutional right to trial by jury because the trial court failed to instruct the jury on certain lesser included offenses at his trial for the 1995 rape. *See Antonio Kendrick v. State,* No. W1999-01789-CCA-R3-PC, 1999 WL 1531345, at *1, fn. 1 (Tenn. Crim. App. Dec. 27, 1999)(*perm. app. denied* Jan. 16, 2001). (Copy attached.) The post-conviction court denied the petition and its judgment was affirmed by this Court on appeal.[3] *Id.* at *1.

On March 14, 2007, the petitioner, acting *pro se,* filed a petition for writ of habeas corpus raising two issues: whether the indictment for the 1995 rape was sufficient to allow the petitioner to prepare a defense at trial and whether his rape conviction is void because the state failed to elect an offense at trial.   (I, 1-62)

---

[2]Although not part of the record, the petitioner has attached a copy of this Court's opinion to his brief and appears to reflect the conviction which is the basis for his petition and present appeal.

[3]On post-conviction appeal, the petitioner, through counsel, raised only one issue: whether the post-conviction court properly dismissed his petition for relief without the appointment of counsel. *Id.* at *1.

3

On April 5, 2007, the habeas court summarily dismissed the petitioner's petition on the grounds that he has finished serving his sentence for the 1995 rape conviction, his application failed to meet the statutory requirements, and his claims, if true would only render his conviction voidable, not void. (I, 66)

On April 23, 2007, the petitioner filed a timely notice of appeal. (I, 67)

## REASON FOR DISMISSING APPEAL

This Court should dismiss this appeal because the petitioner's application does not comport with the mandatory procedural requirements as stated by law. Specifically, the petitioner has failed to provide a copy of the judgment of conviction which is the basis of this appeal. Also, by not providing a copy of the judgment, the petitioner has failed to provide an adequate record for this Court to review.

Providing a copy of the challenged judgment of conviction is required under the code. Tenn. Code Ann. § 29-21-107 provide in pertinent part:

> The petition shall state:
>
> The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence[.]

Tenn. Code Ann. § 29-21-107(b)(2). Failure to abide by the mandatory procedural requirements warrants summary dismissal of the petition. *See State ex rel. Wood v. Johnson*, 393 S.W.2d 135, 136 (Tenn. 1965); *State ex rel. Kuntz v. Bomar*, 381 S.W.2d 290, 291 (1964)(holding that "the petition . . . did not comply with the provision of

4

[the statute], and for that reason alone, it could have properly been dismissed as insufficient.")

The burden is on the petitioner to establish by a preponderance of the evidence that a judgment is void or that a term of imprisonment has expired. *See State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. 1998). The illegality of a sentence must be evident on the face of the judgment or in the record of the underlying proceedings which gave rise to the illegal judgment. *See Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006); *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005).

The petitioner has instead provided a copy of a judgment of what appears to be his most recent conviction for aggravated criminal sexual assault in the State of Illinois. (I, 38) This judgment indicates that the petitioner is presently serving a life sentence in Statesville Correctional Center in Joliet, Illinois for the aforementioned offense only. (I, 38) Indeed, the petitioner admits in his application for petition for writ of habeas corpus, that he has finished serving his ten (10) year sentence for the 1995 rape. (I, 1) Even with this admission, the state cannot appropriately respond to whether the habeas court erred in summarily dismissing the petitioner's application without a copy of the appropriate judgment. Likewise, this Court cannot conduct a legitimate review of the issues. It is the duty of the petitioner, as the appellant, to prepare a record which conveys a fair, accurate and complete account of what transpired in the lower court with respect to the issues which form the basis of his appeal. *See* Tenn. R. App. P. 24(b);

*State v. Bunch,* 646 S.W.2d 158, 160 (Tenn. 1983); *State v. Gibson,* 973 S.W.2d 234, 244 (Tenn. Crim. App. 1985). Furthermore, this Court must conclusively presume that the ruling of the trial court was correct in all particulars. *See State v. Gibson,* 973 S.W.2d 231, 244 (Tenn. Crim. App. 1997).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the State of Tennessee respectfully moves the Court to dismiss the instant appeal on the ground that the petitioner failed to provide a copy of the judgment of conviction which is the basis of his petition and the instant appeal.

Respectfully submitted,

ROBERT E. COOPER, JR.
Attorney General & Reporter

SOPHIA S. LEE
Assistant Attorney General
Criminal Justice Division
Post Office Box 20207
Nashville, Tennessee 37202
(615) 741-2969
B.P.R. No. 023748

6

23

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been forwarded by first class mail, postage paid, to Antonio Kendrick, #R51546, Statesville Correctional Center, P.O. Box 112, Joliet, Illinois, on this the ____ day of January, 2008.

SOPHIA V. LEE
Assistant Attorney General

7

24

IN THE COURT OF CRIMINAL APPEALS AT JACKSON


ANTONIO KENDRICK

SHELBY COUNTY NO. 92-12034
W2007-00912-CCA-R3-HC

V.


STATE OF TENNESSEE



PROOF AND CERTIFICATE OF SERVICE

TO: Attorney General of Tennessee
    450 James Robertson Pkwy
    Nashville, TN 37243-0943


Please take notice that on December 5, 2007 I have placed the documents listed below for mailing through the United States Postal Service.

**Brief of the Appellant**
Pursuant to 28 USC 1746, I declare under penalty of perjury that the information contained therein is true and correct to the best of my knowledge.


Signature _____

Date _____


Antonio Kendrick (pro se)
#R51546
Stateville Correctional Center
P O Box 112
Joliet, IL 60434

Court of Criminal Appeals - Western Division
Supreme Court Building
#6 Highway 45 By Pass
P. O. Box 909
Jackson, TN 38302-0909
(731)423-5840

Antonio Kendrick #R51546
Stateville Correctional Center
P.O. Box 112
Joliet, IL  60434

Date Printed: 11/06/2007
Notice Date: 11/06/2007
Case Style: Antonio Kendrick vs. State of Tennessee
Case Number: W2007-00912-CCA-R3-HC
Action: Date Filed: 11/06/2007  COURT ORDER FILED: Other: Denying Motion to Appoint Counsel ::
Trial Court: Shelby County Criminal Court          Trial Court Number:      92-12034

The Appellate Court Clerk's Office has entered the above action in the Justice Information Tracking System

Accordingly, having reviewed petitioner's motion in light of entire record, Ordered that motion for appointment of counsel is Denied.  Further Ordered that petitioner shall have 30 days from date of this order to file brief, by Williams, J.

MLM

      C:   Rachel E. Willis