IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| ANTONIO M. KENDRICK, | ) ) ) | |
| Plaintiff, | ) ) | 08 C 4086 |
| v. | ) ) | |
| | ) | Judge Ronald A. Guzmán |
| ROGER E. WALKER, JR., TERRY MCCANN, VERNITA WRIGHT, MICHAEL P. RANDLE, ANTHONY RAMOS, and MARK HOSEY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Antonio M. Kendrick has sued Roger E. Walker, Jr., Terry McCann, Vernita Wright, Michael P. Randle, Anthony Ramos and Mark Hosey pursuant to 42 U.S.C. § 1983 for their alleged denial of his constitutional right of access to the courts. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court grants in part and strikes as moot in part the motion.

**Facts**

In 2006, Kendrick was convicted in Illinois state court of multiple counts of sexual assault and abuse. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶ 3.) He was sentenced to a term of natural life plus seven years in the custody of the Illinois Department of Corrections ("IDOC"). (*Id.* ¶ 4.) The seven-year enhancement is based on a conviction Kendrick previously received in Tennessee. (*Id.*)

At all times relevant to this suit, Kendrick has been housed in IDOC's Stateville facility. (*Id.* ¶ 2.) Stateville has a law library, but the inmates cannot use it when the facility is on "lock down." (Defs.' Resp. Pl.'s Stmt. Add'l Facts ¶ 1.) Moreover, according to its supervisor, the Stateville law library needs at least four paralegals, but from May 2007 through September 2008, it had only one. (*Id.* ¶¶ 3- 4.)

On January 19, 2007, Kendrick filed an appeal of his Illinois convictions. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶ 10.) The state filed its response on July 2, and Kendrick filed his reply on July 16, 2007. (*Id.* ¶¶ 11-12; Defs.' Resp. Pl.'s Stmt. Add'l Facts ¶ 6.) He could not access the law library between July 1, and September 24, 2007 because Stateville was on lock down. (Defs.' Resp. Pl.'s Stmt. Add'l Facts ¶¶ 1, 7; Pl.'s Stmt. Add'l Facts, Ex. 7, Resp. Pl.'s First Set Reqs. Admis. Nos. 14-15.) As a result, he could not read the cases the state had cited in its response before he filed his reply. (Pl.'s Stmt. Add'l Facts ¶¶ 7-12.)

In the ensuing four months, Stateville was locked down for only two weeks, *i.e.,* from November 25-December 7, 2007. (Pl.'s Stmt. Add'l Facts, Ex. 7, Resp. Pl.'s First Set Reqs. Admis. Nos. 15-16.) On three occasions during that four-month period, Kendrick sought and obtained permission from the Illinois appellate court to submit supplemental authority in support of his appeal. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 15-17; *see* Defs.' Ex. I, 11/1/07 Mot. Supplement Authorities; Defs.' Ex. J, 11/20/07 Mot. Supplement Authorities; Defs.' Ex. K, 2/8/08 Permission Leave Supplement Authorities & App.)

On March 14, 2007, Kendrick filed a writ of habeas corpus to vacate the Tennessee conviction on which his Illinois sentence enhancement is based. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶ 5.) On April 5, 2007, the Tennessee court denied his request for a writ saying that his petition

2

"fails to meet statutory requirements" or "state any colorable claim." (Defs.' Ex. C, *State v. Kendrick*, No. 92-12034 (Shelby Cnty. Cir. Ct. Apr. 4, 2007).) Kendrick appealed that decision and filed his supporting brief, which was due on December 6, 2007, a week late because Stateville was locked down from November 25-December 6, 2007. (*See* Defs.' Ex. D, 12/13/07 Br. & Arg. Appellant; Pl.'s Stmt. Add'l Facts, Ex. 7, Resp. Pl.'s First Set Reqs. Admis. Nos. 16, 26.) There is no evidence to suggest that the Tennessee appellate court struck or refused to consider his brief because it was untimely. (*See* Defs.' Ex. E, *Kendrick v. State*, No. W2007-00912-CCA-R3-HC (Tenn. Crim. App. Feb. 19, 2008) (addressing the appeal on its merits).) On February 19, 2008, the Tennessee appeals court affirmed the lower court's denial of the habeas petition. (*See id.*)

### Discussion

To prevail on a summary judgment motion, defendants must show that "there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

### **Standing**

Among other things, Kendrick asks the Court to order defendants to allow inmates access to legal materials during lock downs and hire four paralegals for the Stateville library. (*See* Second

Am. Compl. ¶ 9.) He has standing to seek this prospective injunctive relief only if there is a real and immediate danger that Stateville's allegedly deficient library services will violate his right of access to the courts in the future. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *see City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (holding that plaintiff, whom police had put in a chokehold during a traffic stop, did not have standing to seek prospective injunctive relief because he had not shown that there was a "real and immediate threat that he would again be stopped for a traffic violation . . . by an officer or officers who would illegally choke him"). Kendrick's Illinois and Tennessee proceedings are over and he offers no evidence to suggest that he is, or is imminently likely to be, involved in any other legal proceeding that implicates his constitutional right of access to the courts. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (stating that the right of access applies only to "legitimate challenge[s] to a conviction, sentence, or prison conditions" (quotation omitted)). He does not, therefore, have standing to assert claims for prospective injunctive relief.

**Merits**

To prevail on his § 1983 damages claim, Kendrick must show that "the alleged shortcomings in the [Stateville] library or legal assistance program [actually] hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, the deprivation of legal materials is actionable only if it made Kendrick unable to pursue a legitimate, constitutionally-protected claim. *Ortiz*, 561 F.3d at 671; *see Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006) (stating that a prisoner must "los[e] a case or suffer[] some other legal setback" to state a claim for denial of access to the courts).

Kendrick says the record shows that his habeas appeal was dismissed because he was unable to access, and therefore attach to his appellate brief, the criminal judgment he contested. As the Tennessee court's order establishes, however, it did not dismiss or deny Kendrick's habeas appeal because his appellate filing was incomplete. Rather, it affirmed the trial court's denial of the petition, one reason for which was his failure to attach the judgment to the petition:

> [T]he procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. The formal requirements for an application for habeas corpus relief are codified at 29-121-107, Tennessee Code Annotated, and a trial court may properly chose to dismiss a petition for failing to comply with the statutory procedural requirements. In the present case, the Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions, Specifically, the Petitioner failed to include a copy of the judgment of conviction under which he claims he is illegally detained. This reason alone provides adequate justification for the trial court's summary dismissal of the petition.

(Defs.' Ex. E, *Kendrick v. State*, No. W2007-00912-CCA-R3-HC (Tenn. Crim. App. Feb. 19, 2008) (quotations and citations omitted).) Stateville was not locked down when Kendrick filed his habeas petition on March 14, 2007 and had not been locked down since February 15. (Pl.'s Stmt. Add'l Facts., Ex. 7, Defs.' Resp. Pl.'s First Set Reqs. Admis. Nos. 10-12.) Thus, the record does not support the inference that Kendrick was prevented from attaching the judgment to his habeas petition or prejudiced in any other way in that proceeding by deficient library services.

The result is the same for the Illinois proceedings. It is undisputed that Kendrick filed his Illinois appeal on January 19, 2007, the state filed its response on July 2, 2007 and he filed his reply on July 16, 2010. (Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 10-12.) It is also undisputed that Stateville was on lock down from July 1, 2007 to September 24, 2007. (Pl.'s Stmt. Add'l Facts, Ex. 7, Defs.' Resp. Pl.'s First Set Reqs. Admis. Nos. 14-15.) Moreover, viewed favorably to him, the

5

record suggests that because of the lock down, Kendrick could not read the cases cited in the state's brief before he filed his reply. (Pl.'s Stmt. Add'l Facts ¶¶ 6-12.)

But the record also shows that Stateville was locked down for only two weeks of the subsequent four and one-half-month period, and that the appellate court allowed Kendrick to make three supplemental submissions during that time. (Pl.'s Stmt. Add'l Facts, Ex. 7, Defs.' Resp. Pl.'s First Set Reqs. Admis. Nos. 15-16; Pl.'s Resp. Defs.' LR 56.1(a) Stmt. ¶¶ 10-12, 15-17.) There are no facts to suggest that the alleged deficiencies in Stateville's library services prevented Kendrick from addressing the state's cases in the supplemental submissions he filed or seeking leave to do so in another. He has not, therefore, created a genuine issue for trial as to whether Stateville's library services prejudiced him in the Illinois proceeding.

## Conclusion

For the reasons set forth above, the Court: (1) dismisses Kendrick's claims for injunctive relief for lack of standing; (2) finds that there is no genuine issue of material fact on Kendrick's § 1983 damages claims against defendants, who are entitled to judgment as a matter of law on them; and therefore, (3) grants defendants' motion for summary judgment [doc. 84] as to the damages claims and strikes it as moot as to the claims for injunctive relief. This case is terminated.

**SO ORDERED.**  **ENTERED:**

**August 19, 2011**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**